United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY S RANDOLPH III, | No. C-13-02825 DMR |
| Plaintiff(s), | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DOCKET NO. 7]** |
| v. | |
| SAN FRANCISCO BAY AREA RAPID TRANSIT, | |
| Defendant(s). | |

Defendants San Francisco Bay Area Rapid Transit District ("BART"), Ravi Misra, and Greg Posadas move to dismiss Plaintiff Wesley Randolph's federal claims against BART and all claims against Defendants Posadas and Misra. *See* Docket No. 7. The court held a hearing on August 22, 2013. For the reasons stated below, the motion is granted.[1]

**I. BACKGROUND**

Plaintiff has been employed in BART's IT department since 1999. Complaint [Docket No. 1] at ¶ 12. Plaintiff is African-American. He alleges that he has applied for numerous promotions

---

[1] After Defendants filed their motion, Plaintiff filed a motion to amend the complaint. Because Plaintiff's motion did not comply with Civil Local Rule 7-2, the court did not consider its merits. However, the court observed that Plaintiff's proposed amendment appeared to drop all claims against individual defendants Posadas and Misra. At the hearing, Plaintiff confirmed that he does not intend to pursue his lawsuit against Posadas or Misra. For that reason, the motion to dismiss the claims against those individual defendants is denied as moot.

for which he was qualified, but has never been allowed to participate in the promotion process. *Id.* at ¶ 13. Non-African-American employees were hired for those positions, which Plaintiff asserts gives rise to an inference of racial discrimination. *Id.* at ¶ 14.

In September 2010, Plaintiff filed a federal lawsuit against BART alleging discrimination on the basis of race. *See Randolph v. San Francisco Bay Area Rapid Transit District*, No. C-10-4316-EMC (N.D. Cal.). On July 8, 2011, following a settlement conference in that lawsuit, the parties filed a stipulated dismissal without prejudice, which the court adopted. *Id.*, Docket No. 46.

As set forth in his Complaint in the instant case, since the dismissal of the earlier case, Plaintiff has applied for four promotions but has not been interviewed for any of them. Plaintiff alleges that the failure to promote him, as well as other adverse treatment described in his complaint, amounts to race discrimination and/or retaliation for filing his previous lawsuit and for making workplace safety complaints to a state agency.

In November 2012, Plaintiff filed complaints with the Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH"). *Id.* at ¶ 25. Both agencies issued right-to-sue letters in February 2013. *Id.*

On June 19, 2013, Plaintiff filed this lawsuit, bringing six causes of action: (1) discrimination by all Defendants in violation of 42 U.S.C. § 2000e et seq.; (2) retaliation by all Defendants in violation of 42 U.S.C. § 2000e et seq.; (3) retaliation by all Defendants in violation of the California Fair Housing and Employment Act ("FEHA"); (3) discrimination by all Defendants in violation of the FEHA; (5) defamation by Defendant Posadas; and (6) intentional infliction of emotional distress by Defendants Posadas and Misra. Plaintiff is proceeding pro se.

## II. LEGAL STANDARD

When reviewing a motion to dismiss for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1949 (2009)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citation omitted). In other words, the facts alleged to demonstrate an "entitle[ment] to relief require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2005) (brackets in original) (quotation marks omitted) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001) ("Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss." (citation omitted)).

Although pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 554. "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).

### III. DISCUSSION

Defendants argue that Plaintiff's first and second causes of action are time-barred because Plaintiff failed to file suit within 90 days of the EEOC's issuance of a right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1) ("If a charge filed with the [EEOC] . . . is dismissed by the [EEOC], . . . the [EEOC] shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought."); *Payan v. Aramark Management Services Ltd. Partnership*, 495 F.3d 1119, 1121 (9th Cir. 2007) ("Title VII provides that upon dismissing a charge of discrimination, the EEOC must notify the claimant and inform her that she has ninety days to bring a civil action . . . . As we have previously explained, this ninety-day period operates as a limitations period. If a litigant does not file suit within ninety days of the date EEOC dismisses a claim, then the action is time-barred.") (quotations omitted). In his Complaint, Plaintiff alleges that he received a right-to-sue letter from the EEOC in February 2013. Plaintiff brought this lawsuit on June 19, 2013, more than 126 days after he received the EEOC right-to-sue-letter.

In response to this motion, Plaintiff "concedes that he did not file a civil complaint within [] 90 days [of] the [EEOC] Right to Sue Letter dated February 13, 2013." Opposition [Docket No. 10] at 10. However, he argues that he filed suit within one year, as directed by the right-to-sue letter from the California DFEH, and that he underwent heart surgery on February 19, 2013 and he did not work from January 15 through April 1, 2013.

With respect to the first argument, the deadline to file suit on Plaintiff's federal claims is unaffected by his state claim filing deadline. With respect to Plaintiff's second argument, to the extent that Plaintiff argues the 90-day deadline should be tolled, equitable tolling applies "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Courts "have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Id.*; *see also House v. Salazar*, 598 F. Supp. 2d 89 (D.D.C. 2009) (declining to equitably toll Title VII statute of limitations for pro se plaintiff where plaintiff's attorney died just before right-to-sue letter was received, the deceased attorney's law firm informed plaintiff on the day of the 90-day deadline that it would not represent him, and he filed suit on the 91st day). Here, Plaintiff had 43 days between his return to work on April 1, 2013 and the 90-day deadline to file a complaint yet failed to do so. Under these circumstances, the court declines to equitably toll the 90-day deadline to file suit under 42 U.S.C. § 2000 et seq., and therefore dismisses Plaintiff's first and second causes of action because they are time-barred.

//
//
//
//
//
//

4

1 //

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's Title VII claims are dismissed as untimely.  As discussed at the hearing, by September 5, 2013, Plaintiff shall either file an amended complaint consistent with this order or will have dismissed this case upon his election to seek relief through a state court action.

IT IS SO ORDERED.

Dated:  August 22, 2013

DONNA M. RYU
United States Magistrate Judge